IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER DALE BRUCE, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-1042-N (BT) |
| | § | |
| LASALLE SOUTHWEST | § | |
| CORRECTIONS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Roger Bruce, a Texas prisoner, filed a *pro se c*ivil rights complaint pursuant to 42 U.S.C. § 1983. The district court referred the resulting action to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the district court should dismiss Plaintiff's complaint.

I.

Plaintiff, who is confined in the Johnson County Jail, brings this action against LaSalle Southwest Corrections for alleged violations of his civil rights. Plaintiff is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. By this action, Plaintiff contends that Defendant violated his civil rights by denying him access to the law library at the Johnson County Jail. He requests a transfer to another jail where he will have law library access.

1

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court also may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

III.

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. TX, Fort Bend County*, 325 F. App'x 389, 390 (5th Cir. 2009) (per curiam). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).

To state a claim that his constitutional right of access to the courts was violated, a plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). The plaintiff must identify a nonfrivolous underlying claim that he has been unable to pursue. *Mendoza v. Strickland*, 414 F. App'x 616, 619 (5th Cir. 2011) (per curiam) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Here, Plaintiff fails to show actual prejudice. He states he did not miss any court dates as a result of Defendant's actions. (*See* ECF No. 13 at 1.) Plaintiff also states he is represented by counsel in his criminal case. (*Id.*) The Fifth Circuit has held that the constitutional right of access to the courts is satisfied through the offer of assistance of counsel to a defendant. *Degrate v. Godwin*, 84 F.3d 768,

3

769 (5th Cir. 1996); *see also Dickinson*, 325 F. App'x at 390 (stating that because plaintiff had court-appointed counsel representing him in his criminal case, he did not have a constitutional right to access a law library to prepare his criminal defense). Plaintiff's claims should be dismissed.

IV.

Plaintiff's complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Signed June 22, 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).